1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9   SPEED TECHNOLOGIES, LLC,            )
                                        )
10                   Plaintiff,         )          03:11-CV-00180-LRH-RAM
                                        )
11  v.                                  )
                                        )          ORDER
12  BULLY DOG SALES & DISTRIBUTION,     )
    LLC; et al.,                        )
13                                      )
                     Defendants.        )
14  _____  )

15         Before the court is plaintiff Speed Technologies, LLC's ("Speed Technologies") motion to

16  dismiss defendants Bully Dog Sales & Distribution, LLC and Bully Dog Technologies, LLC's

17  (collectively "Bully Dog") second and third counterclaims. Doc. #37.[1] Defendants filed an

18  opposition (Doc. #39) to which Speed Technologies replied (Doc. #43).

19  **I.     Facts and Procedural History**

20         This action arises out of the execution and performance of a contract, referred to as the

21  "Sponsorship and Services Agreement," between Speed Technologies and Bully Dog.

22         On February 1, 2011, Speed Technologies filed a complaint against Bully Dog alleging

23  eight claims for relief: (1) fraud in the inducement; (2) fraudulent misrepresentation; (3) breach of

24  contract; (4) contractual breach of the implied covenant of good faith and fair dealing; (5) tortious

25  _____

26         [1]Refers to the court's docket number.

breach of the implied covenant of good faith and fair dealing; (6) breach of fiduciary duty; (7) constructive fraud; and (8) conversion.  Doc. # 1. In response, Bully Dog filed an answer and counterclaims against Speed Technologies alleging three claims for relief: (1) breach of contract; (2) unjust enrichment; and (3) attorney's fees. Doc. #35. Thereafter, Speed Technologies filed the present motion to dismiss defendants' second and third counterclaims. Doc. #37.

## II.    Legal Standard

Speed Technologies seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a counterclaim must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, the claims must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a counterclaim to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the counterclaim as

2

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III.   Discussion

#### A. Unjust Enrichment

To set forth a claim for unjust enrichment, a party must allege that another unjustly retained money or property against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the "Sponsorship and Services Agreement." This document guides the interactions, obligations, and rights of the parties. As such, Bully Dog cannot make a claim in equity for actions that are controlled by a contract to which it is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

#### B. Attorney's Fees

In Nevada, a party is not entitled to attorney's fees unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156-57 (2010). Here, it is undisputed that there is no contractual right to attorney's fees in the "Sponsorship and Services Agreement." Further, it is undisputed that there is no statutory provision in Nevada providing for attorney's fees in this action. *See* NRS 18.010. Therefore, the court finds that a claim for attorney's

3

1    fees is not warranted in this breach of contract action and shall deny the claim accordingly.

2

3         IT IS THEREFORE ORDERED that plaintiff's motion to dismiss counterclaims (Doc. #37)

4    is GRANTED. Defendants' second claim for unjust enrichment and third claim for attorney's fees

5    are DISMISSED from defendants' answer (Doc. #35).

6         IT IS SO ORDERED.

7         DATED this 27th day of December, 2011.

8

9

10                                        _____
                                          LARRY R. HICKS
11                                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26