UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPEED TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BULLY DOG SALES & DISTRIBUTION, LLC; et al.,<br><br>        Defendants. | 03:11-CV-00180-LRH-RAM<br><br>ORDER |

Before the court is plaintiff Speed Technologies, LLC's ("Speed Technologies") motion to dismiss defendants Bully Dog Sales & Distribution, LLC and Bully Dog Technologies, LLC's (collectively "Bully Dog") second and third counterclaims. Doc. #37.[1] Defendants filed an opposition (Doc. #39) to which Speed Technologies replied (Doc. #43).

**I.      Facts and Procedural History**

This action arises out of the execution and performance of a contract, referred to as the "Sponsorship and Services Agreement," between Speed Technologies and Bully Dog.

On February 1, 2011, Speed Technologies filed a complaint against Bully Dog alleging eight claims for relief: (1) fraud in the inducement; (2) fraudulent misrepresentation; (3) breach of contract; (4) contractual breach of the implied covenant of good faith and fair dealing; (5) tortious

---

[1] Refers to the court's docket number.

1  breach of the implied covenant of good faith and fair dealing; (6) breach of fiduciary duty;
2  (7) constructive fraud; and (8) conversion. Doc. # 1. In response, Bully Dog filed an answer and
3  counterclaims against Speed Technologies alleging three claims for relief: (1) breach of contract;
4  (2) unjust enrichment; and (3) attorney's fees. Doc. #35. Thereafter, Speed Technologies filed the
5  present motion to dismiss defendants' second and third counterclaims. Doc. #37.

6  **II.   Legal Standard**

7  Speed Technologies seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)
8  for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for
9  failure to state a claim, a counterclaim must satisfy the Federal Rule of Civil Procedure 8(a)(2)
10 notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th
11 Cir. 2008). That is, the claims must contain "a short and plain statement of the claim showing that
12 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does
13 not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or
14 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129
15 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

16 Furthermore, Rule 8(a)(2) requires a counterclaim to "contain sufficient factual matter,
17 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
18 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
19 the court to draw the reasonable inference, based on the court's judicial experience and common
20 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
21 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
22 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
23 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
24 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

25 In reviewing a motion to dismiss, the court accepts the facts alleged in the counterclaim as
26

2

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

    **A. Unjust Enrichment**

To set forth a claim for unjust enrichment, a party must allege that another unjustly retained money or property against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the "Sponsorship and Services Agreement." This document guides the interactions, obligations, and rights of the parties. As such, Bully Dog cannot make a claim in equity for actions that are controlled by a contract to which it is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

    **B. Attorney's Fees**

In Nevada, a party is not entitled to attorney's fees unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156-57 (2010). Here, it is undisputed that there is no contractual right to attorney's fees in the "Sponsorship and Services Agreement." Further, it is undisputed that there is no statutory provision in Nevada providing for attorney's fees in this action. *See* NRS 18.010. Therefore, the court finds that a claim for attorney's

fees is not warranted in this breach of contract action and shall deny the claim accordingly.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss counterclaims (Doc. #37) is GRANTED. Defendants' second claim for unjust enrichment and third claim for attorney's fees are DISMISSED from defendants' answer (Doc. #35).

IT IS SO ORDERED.

DATED this 27th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE